[No. 12396.    In Bank. — February 27, 1889.]

ISAAC S. SMITH, RESPONDENT, v. LOS ANGELES IMMIGRATION AND LAND CO-OPERATIVE ASSOCIATION, APPELLANT.

CORPORATION — PROMISSORY NOTE— AUTHORITY OF PRESIDENT. — A promissory note executed by the president of a corporation to himself as payee, and purporting to be the note of the corporation, is invalid, unless authorized or ratified by the directors, though the consideration be a debt which is honestly due from the corporation to the president.

ID. — DISQUALIFICATION OF DIRECTORS. — Directors who are directly interested in the passage of a resolution are not competent to vote thereon; and where, out of seven directors, only a quorum of four are present, and two of them are interested in a resolution that all notes to each of them be renewed at a certain rate of interest, such resolution is void, and the vote of neither of them can have the effect to authorize the renewal of notes to the other.

ID. — ASSIGNMENT OF NOTE — NOTICE OF WANT OF AUTHORITY. — If a note appears on its face to have been executed by the president of the corporation on behalf of the corporation to himself as payee, that fact is sufficient to charge his assignee with notice of any want of authority to execute it.

Appeal — Findings. — When the evidence on any point is conflicting, and the court below has made no finding thereon, the appellate court cannot supply one to uphold the judgment.

Estoppel — Res Adjudicata — Pleading. — A plea of estoppel by judgment is not sustained when the findings and judgment offered in evidence do not conform to the plea or pass upon the issues raised in the action in which such estoppel is pleaded.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The defendant pleaded an estoppel by a previous judgment rendered in a suit in equity brought by the defendant against the plaintiff and his assignor, which was alleged to have determined that the note here sued upon was made without any authority whatever, and was fraudulent and void. The findings and judgment offered in evidence did not in fact pass upon the validity of the note, but adjudged that a previous confession of judgment obtained therein by the plaintiff from the president and secretary of the corporation was fraudulent and void, and ordered the same to be set aside, and that the corporation be allowed to defend said action, and restrained the plaintiff from proceeding in the action, unless consenting to allow the judgment to be set aside and to proceed to a new trial against the corporation, which was accordingly done. The further facts are stated in the opinion of the court.

*Smith & Patton,* and *H. Howard,* for Appellant.

.The plaintiff is estopped by the findings of the court in the equity case. (Bigelow on Estoppel, 36; *City* v. *Baldwin,* 3 Cal. 469.) Independently of the estoppel, it appears from the record of the pretended resolution itself that there was no authority for the execution of the note. (Code Civ. Proc., sec. 2230; *Shattuck* v. *O. S. & R. Co.,* 58 Cal. 550; *Davis* v. *Rock Creek etc. Co.,* 55 Cal. 359; *Wilbur* v. *Lynde,* 49 Cal. 290; 19 Am. Rep. 645; *San Diego*

*v. R. R. Co.,* 44 Cal. 106–112; *Chamberlain* v. *P. W. G. Association,* 54 Cal. 103.)   It is indeed true that in ordinary cases the signature of the president and secretary is of itself *prima facie* evidence of authority; but this rule does not apply where the note is executed by the president to himself.   (1 Morawetz on Private Corporations, sec. 517; *Wilbur* v. *Lynde,* 49 Cal. 290; 19 Am. Rep. 645.)   A director cannot act where his interests are adverse to those of the corporation.   (*Goodin* v. *C. & W. Canal Co.,* 18 Ohio St. 183; 98 Am. Dec. 95; *Thomas* v. *Pacific R'y Co.,* 2 Fed. Rep. 877.)

*Wells, Van Dyke & Lee,* for Respondent.

The defendant having received and retained the benefit of the transaction, it is a gross fraud upon its part to refuse payment of the note in suit, even if its execution was not duly and technically authorized by a resolution of its board of directors.   (*San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 469; *Shaver* v. *Bear River M. Co.,* 10 Cal. 396; *Argenti* v. *San Francisco,* 16 Cal. 256; *Pixley* v. *W. P. R. R. Co.,* 33 Cal. 194; 91 Am. Dec. 623.)   The directors of a private corporation may authorize a promissory note to be made to one of their number for a just debt, and such note is binding on the company.   (*Seeley* v. *San Jose M. &. L. Co.,* 59 Cal. 22; *Sutter Street R: R. Co.* v. *Baum,* 66 Cal. 44; *Merrick* v. *Peru Coal Co.,* 61 Ill. 472; *Spring's Appeal,* 71 Pa. St. 11; 10 Am. Rep. 689; *Smith* v. *Skeary,* 47 Conn. 47; *Rolling Stock Co.* v. *Railroad,* 34 Ohio St. 464; *Hallam* v. *Indianola Hotel Co.,* 56 Iowa, 178; *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 587; *Duncomb* v. *N. Y. H. & N. R. R. Co.,* 88 N. Y. 1; *Pneumatic Gas Co.* v. *Berry,* 113 U. S. 322.)

The COURT. — This is a suit on a promissory note purporting to have been executed by one Garey, president of the corporation defendant, in his own favor, and assigned after maturity to the plaintiff.

Conceding for the purpose of this decision that the sum for which the note was given was honestly due from the corporation to its president, the note was, nevertheless, invalid, unless authorized or ratified by the directors.

The judgment of the superior court in favor of plaintiff rests upon a finding that the execution of the note was duly authorized. But the evidence shows that the only authority to execute it was the following resolution: That "all notes held by T. A. Garey, and also by H. J. Crow, be renewed, and two per cent interest per month be allowed."

There were seven directors of the corporation, and only four — a bare quorum, two of whom were Garey and Crow — were present at the meeting at which the above resolution was attempted to be passed.

It was essential to its adoption that a majority of the quorum should vote for it (Civ. Code, sec. 308); and clearly there could not have been such majority unless the vote of Garey or Crow was counted in the affirmative.

Garey testifies that he did not vote at all upon the resolution, and respondent contends that so far as it concerned the renewal of Garey's notes, Crow was competent to act. But we cannot assent to this proposition. He was, we think, disqualified by his direct interest in the passage of that inseparable part of the resolution which authorized the renewal of his own notes.

We feel constrained to hold that the finding of an original authority to execute the note sued on is unsupported by the evidence.

As to the claim that the judgment of the superior court may be upheld on the ground that the corporation subsequently ratified the execution of the note, we can only say that upon this point the evidence is conflicting, and as the superior court has made no finding, we cannot supply one.

The fact that the note appeared upon its face to have been executed by Garey on behalf of the corporation was sufficient to charge his assignee with notice of any want of authority to execute it. (*Wilbur* v. *Lynde*, 49 Cal. 290; 19 Am. Rep. 695.)

For these reasons, it will be necessary to remand the cause for a new trial, and as the question will necessarily arise in any future trial as to the effect of the judgment pleaded by defendant as an estoppel, we will add that in our opinion the superior court did not err in holding that the plea of estoppel was not sustained by the judgment and findings offered in evidence.

Judgment and order reversed, and cause remanded.