## W. F. FUNSTEN, Respondent, v. FUNSTEN COMMISSION COMPANY, Appellant.

### St. Louis Court of Appeals, December 8, 1896.

1. **Salary:** CLAIM BEFORE A JUSTICE FOR SERVICES RENDERED AS PRESIDENT OF A CORPORATION : SUFFICIENCY OF STATEMENT. In an action begun before a justice of the peace, for services rendered as president of a business corporation after the death of its former president, and tried, on appeal, in the circuit court, a statement filed, which, although specifying the balance claimed for certain months, made a claim for a general balance covering the specified months, was a sufficient statement of a single cause of action in such proceeding.

2. ———: RESOLUTION OF BOARD OF DIRECTORS FIXING SALARY OF PRESIDENT : QUORUM : DIVISIBLE CLAUSE IN RESOLUTION FIXING SALARY OF SECRETARY : VALIDITY. In such action, where it appeared that the salary of the president of the defendant company was fixed prior to his death by a resolution of its board of directors, consisting of a quorum of disinterested directors voting for the proposition, such resolution was legally adopted; and the fact that the resolution contained a divisible clause, fixing the salary of the secretary of the company, did not render it invalid.

3. **Right of Vice-President, Succeeding to Presidency, to Salary of President:** OFFER TO ARBITRATE. Where, by the terms of the by-laws of such corporation, the full control and management of its affairs was imposed upon its president, subject only to its board of directors, and a stated salary fixed for the performance by him of such duties, and it was also provided that, in case of his inability, or death, such duties should devolve upon the vice-president, such officer, succeeding to the presidency of the corporation, on the death of its president, had the right, upon the performance of such services, to receive such compensation; and was not debarred of that right by an offer by defendant to arbitrate the matter, in the absence of any showing that such offer was accepted, or that any binding award was made.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*Fisse & Kortjohn* for appellant.

Plaintiff can not state one cause of action and recover on another. *Penninger v. Reilly*, 44 Mo. App. 255; *Brinkerhoff v. Elliott*, 43 *Id.* 185; *Madden v. Mo. Pac. R'y Co.*, 50 *Id.* 666.

A director of a corporation is not entitled to salary, unless the same is fixed by by-law or resolution before the services are actually rendered. *Bennett v. St. Louis Car Roofing Co.*, 19 Mo. App. 349; *Besch v. Western Carriage Mfg. Co.*, 36 *Id.* 333; *Pfeiffer v. Lansberg Brake Co.*, 44 *Id.* 59.

An officer of a corporation is not entitled to the benefit of any contract with the corporation, made at a board meeting where his presence was necessary to constitute a quorum. *Hill v. Rich Coal Mining Co.*, 119 Mo. 9; 2 Cook on Stock & Stockholders, sec. 657, p. 926, note 1.

Plaintiff having agreed to leave the matter of his salary to Thomas B. Harvey, Esq., is not entitled to sue for compensation. *Lasar v. Ballridge*, 32 Mo. App. 362; *Quinlivan v. English*, 44 Mo. 46.

*Thomas B. Rutledge* for respondent.

The technical rules of pleading should not be enforced before justices of the peace. *Meyer v. McCabe*, 73 Mo. 236; R. S. 1889, sec. 6138.

On the death of the president the vice-president became president, and entitled to all the incidents, including salary, attached to the office. 17 Am. and Eng. Encyclopedia of Law, 132; 5 Thom. Com. Law

Corp., sec. 4687; *Smith v. Smith*, 62 Ill. 493; *Coleman v. Oil Co.*, 25 W. Va., 148 at 172.

The respondent was legally elected to an office, the salary of which had been previously fixed, and the directors were required, by law, to appoint one of their number president. R. S., sec. 2491; *Hax v. Davis Mill Co.*, 39 Mo. App. 453; *Bennett v. Car Roofing Co.*, 19 *Id.* 349.

Respondent was at least *de facto* president, and, as such, entitled to the emoluments of the office. *Waiters v. Windham, etc., Co.*, 36 Vt. 18; 5 Thom. Com. Law Corp., sec. 4708; *State ex rel. Vail v. Clark*, 52 Mo. 508.

An agreement to submit matters in dispute to arbitration must be in writing signed by the parties. R. S. 1889, sec. 397; *Williams v. Perkins*, 83 Mo. 384; *Walt v. Huse*, 38 *Id.* 210; *Bridgman v. Bridgman*, 23 *Id.* 272.

Where a submission is made, the authority of the arbitrator may be revoked, at any time before the award, at the pleasure of either party. Russell on Arbitration and Award [4 Ed.], pp. 56, 152.

A submission alone, without an award, can not be pleaded in bar. *Bowen v. Lazalere*, 44 Mo. 383.

BOND, J.—This action was begun before a justice for a balance claimed for services rendered as president of a business corporation, after the death of the former president. The account filed runs from November 22, 1892, to February 25, 1893, and aggregates $370. The cause was tried in the circuit court upon defendant's appeal, and resulted in a judgment for plaintiff, from which defendant brings it to this court.

It appeared on the trial that plaintiff, his brother J. J. Funsten, and one Henry E. Reuth, constituted the stockholders and directors of the defendant corporation; that at a meeting of the board of directors

held on the ninth of March, 1892, the offices provided for in the by-laws were filled by the election of the following persons: President, J. J. Funsten; vice-president, W. F. Funsten; secretary-treasurer, Henry Reuth. The salary of the president for the ensuing year was fixed at $300 per month. The by-laws of defendant defining the duty of its officers are as follows: "The duty of the officers of this company shall be such as usually devolve upon like officers in companies of this kind and such as may be prescribed by the board of directors. The president shall have full control of the affairs of the company, subject only to the direction of the board of directors."

The evidence shows that on November 20, 1892, the president, J. J. Funsten, died; that two days thereafter plaintiff, the vice-president, began to act as president of the defendant corporation, and so acted and managed its affairs as president until February 25, 1893, when he sold out his holdings and resigned his office of vice-president; that plaintiff only received as compensation for such services, while so acting as president of the defendant corporation, at the rate of $200 per month, being the amount fixed as salary for president of the defendant corporation at a meeting of its board of directors held on February 19, 1891; that upon plaintiff's retirement he claimed his compensation should be, during his discharge of the duties of position as president, $300 per month, or at the rate fixed at the meeting of the board of directors held on March 9, 1892. Defendant disputed his right to receive this excess, and offered to arbitrate the matter of difference between them. Nothing appears, however, to have been done toward carrying out the proposed arbitration. During plaintiff's incumbency of the office of president there were three meetings of the board of directors, consisting of plaintiff and Henry

Reuth. At these meetings resolutions were adopted authorizing plaintiff to continue in the discharge of the duties of president, and .fixing his salary while so acting at, the rate of $300 per month. The court instructed the jury in effect that plaintiff as vice-president was authorized to act as president after the death of the president, and was entitled while so acting to receive the compensation previously attached to that office by the meeting of the board of directors held on March 9, 1892.

The first point urged for reversal is that suit was brought upon one cause of action and recovery had upon another. This contention is based upon a misapprehension of the statement filed by plaintiff. That statement, although specifying the balance claimed for November and December of 1892 and January and February of 1893, makes a claim for a general balance covering the specified months of $370. This was a sufficient statement of a single cause of action in a proceeding before a justice. It advised defendant of the nature of the demand against it, and would bar another action therefor. The mention of the portions of the general balance claimed, applicable to certain months, was at most an attempt to particularize, which in nowise affected the validity of the general statement of the cause of action for the full time specified.

It is next insisted that plaintiff is not entitled to recover because the salary claimed was fixed at a meeting of the board of directors when his vote in the affirmative was necessary to a quorum. The rule of law thus announced is correct. *Hill v. Mining Company*, 119 Mo. 9; *Pfeiffer v. Lansberg Brake Co.*, 44 Mo. App. 59. It does not, however, preclude a recovery in this case, for the record shows that the salary of the president of the corporation was fixed prior to his death by a resolution adopted at the meeting of the

board of directors consisting of a quorum of disinter-
ested directors voting for the proposition.    This meet-
ing the record shows took place on March 9, 1892,
whereas plaintiff's assumption of the duties of presi-
dent took place on November 22 following.    Defend-
ant is also mistaken in his suggestion that the motion
fixing the president's salary adopted at this meeting
was illegally carried.

At the meeting in question all of the three direc-
tors were present, hence if the vote of the president be
not counted on account of his interest, there still
remain two others, the plaintiff and the secretary, who
constituted a quorum and whose affirmative vote suf-
ficed to fix the president's salary.    Nor can the resolu-
tion be attacked, as insisted by defendant, on the
ground that it contained a divisible clause fixing the
salary of the secretary.    The resolution, like an act of
the legislature, might be valid in part and invalid as
to the remainder, and this construction is always
applied, unless there is such interdependence between
the provisions of the act under review as to render the
validity of one part conditional upon the validity of
the whole or another part.    Besides the portion of the
resolution fixing the salary of the president might well
be supported by the affirmative vote of plaintiff and
the secretary, and the portion of the resolution fixing
the salary of the secretary might be sustained by the
vote of the president and the plaintiff, and the record
shows that all three of these persons were present when
the resolution was carried.    Since it is shown that the
resolution of the board of directors at the meeting held
March 9, 1892, fixing the salary of the president, was
validly adopted, it only remains to inquire whether
plaintiff, the vice-president of the corporation, was
entitled *virtute officii* upon the death of the president to
assume his duties and receive the compensation pre-

viously fixed for their performance. It is undisputed that plaintiff for the time mentioned in the statement rendered all the services devolved upon the office of president by the by-laws of the defendant corporation. Neither his ability nor faithfulness in the management of defendant's affairs while so acting as president is questioned. The only contention is that his salary should be limited to that attached to the presidency during the year 1891, instead of the sum fixed for the year 1892. The force of this reasoning is not apparent, since the resolution for each of these years was passed by the identical directors. If, therefore, the plaintiff upon his assumption of the duties of president was entitled to receive the salary attached to that office, he was entitled to receive the amount fixed at the last meeting of the board of directors prior to his entry upon such duties. That the office of vice-president was created by defendant's by-laws for the express purpose of providing a competent person to discharge the important duties devolved upon the president of a business corporation, in case of the inability of the latter we think is clear both upon reason and authority. The plain meaning of the term vice-president is an alternative president, or an officer who shall discharge the duties and fill the position of president in the event of the death or disability of the latter. *Smith v. Smith,* 62 Ill. 493; *Columbus v. Oil Co.,* 25 W. Va. 148-172. By the terms of the "by-laws," *supra,* defendant imposed the full control and management of its affairs upon its president, and fixed a stated salary as compensation for the performance of these duties. It also provided an alternative officer to perform these duties, in case of the inability or death of the president. It logically results that the right to receive compensation upon the performance of these services attaches to their performance, and may rightfully be claimed by

the vice-president upon the happening of a contingency charging him with the duty.   Under the facts of this case we hold the plaintiff as president was entitled to the emoluments of the presidency upon his performance of the duties of that office, and that he is not debarred by the defendant's offer to arbitrate the dispute between them.   It is not shown that such offer was accepted, nor that any binding award was made, hence it was no defense to this action.   *Bowen v. Lazalere*, 44 Mo. 384. Finding no reversible error in this record, the judgment of the circuit court will be affirmed.   All concur.