## ROGERS et ux. v. KIMBALL et al.*

### L. A. No. 199; July 9, 1897.

#### 49 Pac. 719.

**Note.—Release of T. and L.,** Two of the Signers of a note, by the other signers, in consideration of the agreement of L. to make a conveyance to such other signers, is not invalidated, as to T., at least, by failure of L. to make the conveyance.

**Note.—A Release in Writing** of Certain Signers of a note by the other signers need have no consideration; Civil Code, section 1541, providing, "An obligation is extinguished by a release therefrom given by the creditor . . . . in writing with or without new consideration."

**Note—Agreement for Indemnity—Consideration.—An** agreement by certain signers of a note to assume responsibility for its payment, and to indemnify the other signers for any loss or damages they may sustain on account of it, stands on the same footing, as concerns consideration, as a release.

**Note—Indemnity—Contribution.—A Signer of a Note, Who has Been Released** from liability thereon by the other signers, who also agree to indemnify him for any loss or damage he may in any manner sustain on account of the note, can, on paying judgment rendered against him on the note, recover therefor of the others, though they had paid the note before judgment was rendered against him, and though they had no notice of the action against him, there being no defense which he was informed of and neglected to interpose.

**Note—Indemnity.—The Release of One of the Signers** of a note by the others from liability thereon, and their agreement to indemnify him for any damages on account of the note, being joint, he can recover against them all, though judgment is rendered against him on the note for only the balance thereof remaining after one of them had paid his proportion thereof.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by Thomas L. Rogers and wife against Warren C. Kimball and others. Judgment for defendants. Plaintiffs appeal. Reversed.

David L. Withington (Works & Works and Withington & Carter of counsel) for appellants; W. J. Hunsaker, N. H.

---

*For subsequent opinion in bank, see 121 Cal. 247, 53 Pac. 648.

Conklin, M. A. Luce and McDonald & McDonald for respondents.

HAYNES, C.—The complaint alleges that on February 25, 1882, the plaintiffs and the defendants Warren C. Kimball and Moses A. Luce, and James S. Gordon, since deceased, executed their promissory note for $10,000, payable to the order of the Consolidated Bank of San Diego six months after date, with interest, and that said bank afterward indorsed said note to Bryant Howard; that plaintiff Ella S. Rogers signed said note at the request and for the accommodation of said Kimball, Luce and Gordon; that on February 27, 1882, plaintiff Thomas L. Rogers conveyed and caused to be conveyed to said Kimball, Luce and Gordon a one-fifth interest in and to a certain concession made by the Mexican government of the right to construct a railroad to be known as the "Sonora and Baja California Railroad," and that in consideration of said conveyance said Kimball, Luce and Gordon executed and delivered an agreement in writing, of which the following is a copy: "We, the undersigned, for and in consideration of a conveyance to us, of even date herewith, of a one-fifth interest in and to the concession by the government of Mexico of the right to construct a railroad to be known as the 'Sonora and Baja California Railroad,' do hereby assume all responsibility for the payment in full of a note of date February 25, A. D. 1882, made to the Consolidated Bank of San Diego, and signed by the undersigned, together with Thomas L. Rogers and Ella S. Rogers; hereby releasing from any payment thereon, as joint or several payers, the said Thomas L. Rogers and Ella R. Rogers, and hereby agreeing with the said Thomas L. Rogers and Ella S. Rogers to indemnify them in full for any loss or damage they may in any manner sustain on account of said note. Witness our hands this 27th day of February, A. D. 1882. Warren C. Kimball. James S. Gordon. Moses A. Luce."— and thereby agreed to and did release the plaintiffs from said note; that the said defendants and the said Gordon have paid no part of said note except the sum of $3,333.33 paid by said Kimball; that said Howard, to whom said note had been transferred by the bank, on the fifteenth day of May, 1886, brought suit thereon against the plaintiffs herein, Thomas L. Rogers and Ella S. Rogers, in the circuit court

of the United States for the district of Massachusetts, and obtained judgment against them on the fourteenth day of March, 1889, for the sum of $7,019.97 damages and $63.12 costs; that on February 20, 1893, an execution thereon was issued, and on February 24, 1893, the plaintiff Ella S. Rogers paid out of her separate property, in full satisfaction of said judgment and execution, the sum of $7,100; that the plaintiffs are husband and wife; that Ella S. Rogers has demanded payment from the defendants of said sum; that no part of it has been paid; and judgment therefor in her favor is demanded. The death of James S. Gordon on July 29, 1892, the appointment and qualification of defendant Jessie Gordon Whittlesey as administratrix, and the presentation of said claim, are also duly alleged, and are not denied. The defendants, Moses A. Luce and Jessie Gordon Whittlesey, filed a joint answer, in which they (1) deny that Mrs. Rogers signed said note for their accommodation, or at their request, and allege that defendants signed said note at the request and for the benefit of the plaintiffs; (2) deny that Thomas L. Rogers conveyed or caused to be conveyed said concession, or that in consideration of such conveyance they executed the agreement of release or indemnity set out in the complaint; (3) deny, for want of information, the allegations touching the judgment and execution in the United States circuit court, and its satisfaction. For a second defense they allege that, at the time they executed said indemnity agreement, Thomas L. Rogers agreed to convey to Kimball, Luce and Gordon a one-fifth interest in said concession, and that said agreement to convey said interest was the consideration for the execution of the indemnity agreement by Kimball, Luce and Gordon, and that Rogers never did convey, or cause to be conveyed, said or any interest in that or any other concession, and, upon information and belief, allege that Rogers never had or owned or could convey any interest in said concession, whereby the consideration for their execution of the indemnity wholly failed, and aver that they received no consideration whatever for the execution of said agreement; and for a third defense they pleaded that plaintiff's cause of action is barred by section 337 of the Code of Civil Procedure. Defendant Kimball answered separately. His first defense consisted of substantially the same denials as those contained

in the answer of his codefendants, except that he also denied that by said agreement he agreed to release the plaintiffs from their obligations to pay said note, or to indemnify them against it, and also denied, upon information, that no part of said note had been paid except $3,333.33, and denied that said note was, not long before the commencement of this action, wholly satisfied and discharged. For a second defense he alleged that, at the time the indemnity agreement was executed, Rogers agreed to convey said interest in said concession, and his failure to make said conveyance, whereby the consideration for said agreement wholly failed; and for a third defense he alleged, upon information, that during the year 1886, and soon after the payment made by him mentioned in the complaint, Gordon and Luce paid to the holder of said note the balance remaining unpaid; that the action begun by Howard on said note against the plaintiffs herein (if the same was begun by said Howard at all) was begun without his knowledge or consent, and without authority from him, and was prosecuted by said Howard after the said note had been fully paid and discharged, and that the said plaintiffs, and each of them, had a full and perfect defense thereto, and that the payment of said judgment by Ella S. Rogers, if any such payment was ever made, was voluntary. Defendant Kimball also pleaded the same statute of limitations. This action was commenced October 10, 1893. The cause was tried by the court without a jury, and written findings were filed, upon which judgment was entered for the defendants, and this appeal is by the plaintiffs from the judgment, and from an order denying a new trial.

The first finding is that plaintiffs and defendants made the promissory note, a copy of which is attached to the complaint as Exhibit A. The remaining findings are as follows: "(2) That the plaintiff Ella S. Rogers did not sign said note for the accommodation and at the request, or for the accommodation or at the request, of said Warren C. Kimball, Moses A. Luce, and James S. Gordon, or for the accommodation or at the request of either of them, but that said plaintiff Ella S. Rogers and said Warren C. Kimball, Moses A. Luce, and James S. Gordon each and all signed said note for the accommodation and at the request of plaintiff Thomas L. Rogers, and that said Thomas L. Rogers received from the Consolidated Bank of San Diego, the

payee named in said note, the whole consideration therefor, to wit, the sum of $10,000, and that neither the plaintiff Ella S. Rogers nor said Warren C. Kimball or Moses A. Luce or James S. Gordon received any part of the consideration for which said note was executed. (3) That on the twenty-seventh day of February, 1882, the plaintiff Thomas L. Rogers promised and agreed to convey and caused to be conveyed to said Warren C. Kimball, Moses A. Luce, and James S. Gordon a one-fifth interest in and to a certain concession made by the government of Mexico of the right to construct a railroad to be known as the 'Sonora & Baja California Railroad,' and that in consideration of such promise and agreement to convey such interest in said concession, and upon and for no other consideration whatever, said Kimball, Gordon, and Luce made and executed an instrument in writing, a true copy of which is annexed to and made a part of plaintiff's complaint herein, marked 'Exhibit B.' (4) That plaintiff Thomas L. Rogers did not on the twenty-seventh day of February, 1882, or at any other time, either convey or cause to be conveyed to said Kimball, Luce and Gordon, or to either of them, a one-fifth or any interest in or to said or any other concession; nor did said plaintiffs, or either of them, pay or give to them, or either of them, any consideration whatsoever for the execution of said instrument. (5) That after the execution of said note the Consolidated Bank indorsed said note to one Bryant Howard; and thereafter, upon the fifteenth day of May, 1886, said Howard brought suit in the circuit court of the United States for the district of Massachusetts against the plaintiffs herein, and obtained a judgment against said plaintiffs upon said note on the fourteenth day of March, 1889, which judgment was duly entered in favor of said Bryant Howard and against said Thomas L. Rogers and Ella S. Rogers, for the sum of $7,019.97 damages and $63.12 costs; and on the twentieth day of February, 1893, an execution on said judgment was duly issued, and upon the twenty-fourth day of February, 1893, the plaintiff Ella S. Rogers paid out of her separate property the sum of $7,100 in full satisfaction of said execution and judgment, and said execution was thereupon returned satisfied. (6) That on the thirtieth day of September, 1886, defendant Kimball paid upon said note to said Howard, who was then the owner of said note, $3,527.80,

being one-third of the principal and interest then due and unpaid on said note; that thereafter, and prior to the nineteenth day of January, 1889, the said M. A. Luce and James S. Gordon paid to said Howard the balance then due and owing on said note, and prior to said nineteenth day of January, 1889, said note had been fully paid and discharged. And, as conclusions of law from the foregoing facts, the court decides that the plaintiffs should take nothing by this action, and that the defendants are each entitled to judgment against the plaintiffs for their costs and disbursements expended herein. Let judgment be entered accordingly."

Exceptions are taken by appellants to each of the findings, or parts thereof, except the first and fifth. The principal question made by appellants is, however, whether the evidence justifies the finding that there was no consideration for the execution of the agreement of release and indemnity upon which the action is based. A copy of that instrument appears in our statement of the complaint, and is referred to in the third finding as "Exhibit B." In the third finding it was clearly found that there was a good consideration for the execution of said instrument, viz., the promise of Thomas L. Rogers to convey to Kimball, Luce and Gordon a one-fifth interest in the concession there mentioned. It is not necessary to cite authorities to the proposition that such promise is a good consideration. Besides, the same finding also finds that Kimball, Luce and Gordon "executed an instrument in writing, a true copy of which is annexed to and made a part of plaintiffs' complaint herein, and marked 'Exhibit B.'" That instrument is an express release of the plaintiffs from all obligation, as between the makers of the note, for its payment; and, as the release could not affect the right of the payee to look to the plaintiffs for payment, there was added the clause in which Kimball, Luce and Gordon agreed and promised to indemnify the plaintiffs in full for any loss or damage they might in any manner sustain on account of said note. This express release, being in writing, is valid and effectual without any consideration. It does not rest simply upon the presumptive evidence of a consideration arising from an instrument in writing under section 1614 of the Civil Code. Section 1541 of the same code is as follows: "An obligation is extinguished by a release therefrom given to the debtor

by the creditor upon a new consideration, or in writing with or without new consideration." This section gives to a release "in writing" the same effect as was given at common law to a release under seal, which is in general valid without reference to the consideration. This release, of course, could not affect the holder of the note, who was not a party to it, but, so far as the parties executing it are concerned, it operated to release the plaintiffs from all obligations of ultimate payment, contribution or whatever may have been their liability as between them and the other parties to the note who executed the release, and this release was immediately operative. Nor does the agreement to indemnify the plaintiffs for any loss or damage they might sustain stand upon any different footing, so far as the question of consideration is concerned, for that agreement itself would have operated as a release. "A bond or covenant to save harmless and indemnify the debtor against his debt is a release of his debt": Clark v. Bush, 3 Cow. (N. Y.) 151. Said third finding, therefore, found that there was a consideration for said instrument of release and indemnity, and it must follow that, if there is elsewhere a finding that there was no consideration for said instrument, the findings upon that point must be conflicting.

The only other finding in any manner referring to the consideration of said instrument is the fourth. That finding first states that Thomas L. Rogers did not at any time convey said interest in said concession to Kimball, Luce and Gordon, and adds: "Nor did said plaintiffs, or either of them, pay or give to them, or either of them, any consideration whatever for the execution of said instrument." If we are right in holding that the promise of T. L. Rogers is a good consideration, or in our construction of section 1541 of the Civil Code, the fourth finding, that Rogers did not convey, is wholly immaterial. The failure of Mr. Rogers to make the conveyance he had promised to make, even if the contract of release and indemnity required that promise to support it, would not affect its validity, at least as to Mrs. Rogers, who is the only party who has been injured, or who seeks relief against the defendants. The promise of Mr. Rogers gave the parties to whom he made the promise a right of action to compel the conveyance, and as against Mrs. Rogers, who is found by the court

to have been an accommodation maker of the note, and who never received any consideration therefor or therefrom, and who had no interest in the concession or in the railroad mentioned in the third finding, they could not, by their own failure or neglect to enforce their rights against him, create a defense to her action upon their contract by which they released her from all obligations to pay any part of said note, and agreed to indemnify her against loss or damage on account thereof. Rogers' promise to convey was a consideration only because it was a promise which they could enforce, and their failure to enforce it could affect only themselves. There was no evidence tending to impeach the existence of the concession, or of Rogers' ownership. But, aside from this, we have seen that the release, being in writing, required no consideration to support it; and, as the release could not affect her liability to the payee of the note, an indemnity against that liability was implied in the release, and it is therefore immaterial whether Rogers made the promise or not, or whether or not he performed it. The release was unconditional. It was not that, upon a conveyance being made, they would release, but the language is, "hereby releasing"; and, having thus released her, they could not reimpose upon her even the original obligation of a cosurety to contribute to the payment of the note without her consent. As will hereafter appear, the defendants paid said note to Howard after suit thereon was brought against these plaintiffs, and before judgment, and the suit was thereafter prosecuted by Howard for the benefit of the defendants in this action, but without knowledge on the part of Rogers and wife of those facts.

The fifth finding states the date at which suit was brought upon the note against these plaintiffs in Boston, the date and amount of the judgment, the issuance of the execution, and that the judgment was satisfied by Mrs. Rogers by the payment of $7,100 out of her separate property on February 24, 1893. The sixth finding shows that on September 30, 1886, after said suit was brought in Boston, Kimball paid one-third of the principal and interest then due on said note, and that prior to January 19, 1889, Luce and Gordon paid the balance due thereon, and that "prior to said nineteenth day of January, 1889, said note had been fully paid and satisfied." This finding does not state facts from which

the legal conclusion that the defendants, or either of them, are not liable in this action, can be drawn. In any event, it can only apply to the issue made by defendant Kimball, who alone pleaded that the note had been fully paid before judgment, and that, therefore, the payment of the judgment by Mrs. Rogers was voluntary, and gave her no right of action. It is contended by respondents "that a surety cannot claim reimbursement from his principal or indemnitor for a payment made after the cause of action has been paid, barred by the statute of limitations, or otherwise extinguished against the principal." This proposition requires qualification. Neither the sixth finding nor this proposition contains the essential fact that the plaintiff knew or had information that the note had been paid.

As before intimated, counsel for respondents seem to think that Mr. Kimball's situation is so far different from that of his codefendants as to require a separate answer alleging defenses not available to them, and have devoted a portion of their brief especially to his defense. The facts upon which they claim this distinction is based are that his payment was credited in the judgment rendered against the plaintiffs in Boston; that he did not request that they be sued upon the note, or that the suit be prosecuted for the benefit of himself, Luce and Gordon; that he alone set up in his answer the defense that the note was fully paid before judgment; and that he had no notice of the pendency of the action. It is not necessary to follow the arguments of counsel upon these points in detail. We do not think any of these facts can avail him as against appellants. The release and indemnity contract was joint, not several. He is as much bound to indemnify the plaintiffs against loss or damage caused by his coindemnitors as against loss or damage caused by Howard or others. His payment, it is true, reduced the amount of the recovery against them, but he is as much bound to indemnify Mrs. Rogers as to the amount she did pay as he would have been if she had been compelled to pay the whole, and whether he received any part of the money paid by Mrs. Rogers in satisfaction of the judgment is wholly immaterial. Any inequality of payment as between the defendants is a matter of adjustment between themselves, with which plaintiffs have no concern. The only one of the points relied upon to relieve Mr. Kimball,

requiring special notice, is that he had no notice of the suit in Boston. Before the note was sent to Boston for collection, Kimball, Luce and Gordon executed a new note to Howard for the same amount, and which Howard regarded as in the nature of a collateral note, upon which Kimball's payment was made and credited. Luce and Gordon afterward paid the balance due thereon, and on January 19, 1889, Howard executed an instrument reciting that Rogers and wife had been sued upon the original note; that since the institution of the suit said note had been fully paid by Kimball, Luce and Gordon; and that whatever judgment should be recovered in his name should be for their benefit. It is claimed on behalf of Kimball that he had no knowledge of the execution of said instrument nor of the pendency of the suit. In view of the execution of the said instrument, which was prepared by Mr. Luce, and of which Gordon was informed, it is obvious that they can claim nothing upon the ground that plaintiffs did not notify them of the pendency of the suit. If the want of notice of the pendency of the suit in Boston is essential to Kimball's defense, the fact that he had or had not notice should have been found. As to whether he knew of that suit, the evidence is conflicting, and in such case the appellate court cannot supply a finding to uphold the judgment: Smith v. Association, 78 Cal. 289, 12 Am. St. Rep. 53, 20 Pac. 677. But, if it be assumed that he had no notice of that suit, that fact would not avail him in this action, for want of notice would not be a defense "unless it appeared that there was a defense to the suit, which the plaintiffs were informed of and neglected to interpose, or that the judgment was obtained by collusion": Bridgeport Fire etc. Ins. Co. v. Wilson, 34 N. Y. 275, 281. See, also, Brandt, Sur., sec. 214. Plaintiffs testified that the only information of the payment made by Kimball was in the deposition of Howard taken in the Boston suit, and that their first information of the payments made by Luce and Gordon was obtained after this action was commenced. No payments appear to have been indorsed upon the original note, and if Mrs. Rogers had paid the full amount of the note upon Howard's demand, without suit, and without knowledge of the prior payment by defendants, no payments being indorsed thereon, we see no reason why she could not recover upon the defendants' express contract

to indemnify the plaintiffs for a loss "in any manner sustained on account of said note." The sixth finding, therefore, does not justify a conclusion of law that Mrs. Rogers is not entitled to recover in this action, unless it can be presumed from the bare fact therein stated that the defendants had paid the note in full before judgment; that is, that she must be presumed to have known of facts transpiring three thousand miles away, and which were carefully concealed from her, or that she permitted judgment to be taken against her knowing that she had a perfect defense. Such presumptions will not be indulged for the purpose of sustaining a judgment which upon the other findings is clearly wrong. These considerations render it unnecessary to consider the sufficiency of the evidence to justify the findings in the particulars specified by appellant. We advise that the judgment and order appealed from be reversed, with directions to the court below to enter judgment on the findings in favor of Ella S. Rogers as prayed for in the complaint.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with directions to the court below to enter judgment on the findings in favor of Ella S. Rogers as prayed for in the complaint.