[No. 5244.]
[No. 2868 C. A.]

STEELE v. THE GOLD FISSURE GOLD MINING COMPANY.

1. **Corporations — Directors — Fiduciary   Relation — Voting   on Salary.**

The relation of a director to the corporation which he repre- sents in that capacity is fiduciary, and for this reason the law forbids him from making a contract in which his private inter- ests may conflict with the interests of his principal, and hence a director who has been elected president of the corporation is disqualified from voting on a resolution purporting to fix his salary.—P. 531.

2. **Same—Majority of Directors Interested—Effect.**

It is essential that the majority of the quorum of a board of directors of a corporation must be disinterested with respect to the matter voted on in order to render it valid and binding on the corporation; and, where two of the three directors of a corporation are officers whose salaries are fixed in a single reso- lution, they cannot be counted in making a quorum to pass the resolution.—P. 532.

3. **Corporations—Officers—Right  to  Compensation  for  Usual Services.**

Neither the directors nor the president of a corporation are entitled to compensation for services in discharging their ordi- nary duties as such officers, unless it is legally provided for; and, where a resolution fixing the salary of the president of a corporation is not legally passed, there can be no recovery for services rendered as president, in the absence of pleading or evidence that such services were outside the ordinary duties of such officer; and the fact that the contract so attempted to be made is an executed one, does not preclude the company from questioning its validity.—P. 533.

4. **Corporations—Stockholders—Husband  and  Wife—Agency  of Husband for Wife—Presumption of Authority.**

It will not be presumed that the husband of a stockholder in a corporation has authority to represent his wife in her ab- sence.—P. 534.

*Appeal from the District Court of Arapahoe County.*
*Hon. Frank T. Johnson, Judge.*

Action by Clay B. Steele against The Gold Fis-
34

sure Gold Mining Company. From a judgment for defendant, plaintiff appeals.                 *Affirmed.*

Mr. CHAS. J. HUGHES, Jr., and Mr. GERALD HUGHES, for appellant.

Mr. BRANCH H. GILES, for appellee.

Appellant, as plaintiff, brought suit against the appellee, as defendant, to recover the balance claimed to be due for services rendered the latter as its president. There was judgment for the defendant, from which the plaintiff appeals.

The defendant is a corporation organized under the laws of this state. Its articles of incorporation fix the number of directors at three. By these articles George A. and Willis Bristol and plaintiff were designated as directors to manage its affairs for the first year of its existence. The board as thus constituted met and passed the following resolution:

"On motion, duly seconded, the following resolution was adopted:

"*Resolved,* That the salary of the superintendent be fixed at $150.00 per month for the coming year, and that of the president and secretary and treasurer at $200.00 per month each for the year."

Previous to adopting this resolution the board had convened and elected plaintiff president, and George A. Bristol secretary and treasurer. This action, as well as the adoption of the resolution, was had on the first day of February, 1900. From that date until the first day of April, 1901, plaintiff acted as president of the corporation, and during that period went east, remaining there between two and three months for the purpose of selling the treasury stock of the company, and did sell stock for which the company received something over fifteen thousand dollars. It is under the resolution above mentioned, and by virtue of the services rendered,

that he claims the defendant is indebted to him for the balance of salary which is the subject-matter of the action brought by him in the court below. At the time the resolution was adopted the shareholders of the corporation were the directors, their wives and Bertha T. Blakeley. The latter was present at the meeting.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The relation of a director to the corporation which he represents in that capacity is fiduciary, and for this reason the law forbids him from making a contract in which his private interests may conflict with the interests of his principal. He cannot unite his personal and representative character in the same transaction.—*Paxton v. Herron,* 41 Colo. 147; *Morgan v. King,* 27 Colo. 539; *Fishel v. Goddard,* 30 Colo. 147; *Mosher v. Sinott,* 20 Colo. App. 454; *Butts v. Wood,* 37 N. Y. 317; *Coleman v. 2nd Ave. R. R. Co.,* 38 N. Y. 201; *Hoyle v. Pittsburgh & Mo. R. R. Co.,* 54 N. Y. 314; *Martin v. Santa Cruz W. S. Co.,* 36 Pac. (Ariz.) 36; *Ward v. Davidson,* 89 Mo. 445.

Plaintiff was, therefore, disqualified from voting upon the resolution which purported to fix his salary. He could not make a bargain with himself for a salary binding upon the company. Counsel for plaintiff contend that the vote of the other two directors was sufficient to render the resolution valid. By the resolution in question Bristol, as secretary and treasurer, was voted a salary. He, as well as plaintiff, was interested in its adoption and the object to be attained by its passage, *i. e.,* securing a salary for each. Bristol was as much interested in its adoption as plaintiff, and being personally interested therein, was disqualified from voting thereon. The two directors, Bristol and plaintiff, were acting

together to secure a contract from the company in favor of themselves. The resolution by which it was sought to make this contract could not have been passed except both voted thereon, because, with respect to plaintiff's salary, he was disqualified from voting, and on the subject of the salary voted for Bristol, he was also disqualified, but as each was personally interested in its passage, he was disqualified from voting upon it at all. It is essential that the majority of the quorum of a board of directors be disinterested with respect to the matter voted upon in order to render it valid and binding upon the corporation.—*Smith v. Los Angeles I. & L. Co-op. Assn.*, 78 Cal. 289; *Mallory v. Mallory-Wheeler Co.*, 61 Conn. 131; *Jones v. Morrison*, 31 Minn. 140; *Miner v. The Belle Isle I. Co.*, 93 Mich. 97; *Graves v. Mona Lake Hy. M. Co.*, 81 Cal. 303.

Counsel for plaintiff cite *Funsten v. Funsten Commission Co.*, 67 Mo. App. 559, wherein it seems to be held that a resolution of the character under consideration is divisible, and that the vote of Bristol could be counted in favor of that part of the resolution fixing plaintiff's salary. We think this case is clearly opposed to the weight of authority, and clearly contrary to the universal doctrine that a director who is disqualified by reason of personal interest in the matter before a director's meeting, loses his character as a director, and cannot be counted for the purpose of making it a quorum, nor can his vote be counted for the purpose of determining whether a resolution has been passed by a majority vote. Under this rule, it seems clear that when a director has a direct personal interest in the passage of a resolution, he is disqualified from voting upon it for all purposes, even though part of it may not relate to matters in which he has such an interest as, standing alone, would disqualify him.

It is next urged by counsel for plaintiff that the contract entered into by virtue of the resolution in question having been executed, the defendant is precluded from questioning its validity. There are cases to which this rule of law applies, but it is not applicable to the case at bar. Directors of a corporation are not entitled to compensation for their services in that capacity in discharging their ordinary duties, unless it is legally provided for.—*Brown v. Republican Mt. Silver Mines,* 17 Colo. 421; Thompson on Corporations, § 4380; *Arapahoe Inv. Co. v. Platt,* 5 Colo. App. 515; *McConnell v. Comb. M. & M. Co.,* 76 Pac. (Mont.) 194.

The rule is the same with respect to the president of a corporation.—4 Thompson on Corporations, § 4682.

It does not appear from the resolution in question, or from the pleadings or evidence, that the compensation which the directors undertook to provide for the president was to be paid for anything more than such duties as he would ordinarily discharge in that capacity; so that it does not appear that by virtue of this resolution he performed any services other than those which he would have been required, in the absence of a legal agreement, to perform gratuitously. Therefore, he is not in a position to invoke the rule contended for by his counsel, because he does not appear to have performed any services other than he should have performed, and in order to recover for those, he must establish an antecedent, valid agreement by the corporation to pay for them. This he has failed to do.

The final question upon which counsel for plaintiff rely is, that all the stockholders were present at the time when the resolution fixing his compensation was passed, and therefore it will be presumed that, although the resolution was not regularly passed by

the board, that the corporation assented thereto. The record does not sustain the contention as to the presence of all the stockholders. It was not a stockholders', but a directors', meeting, in which the stockholders took no part as such; but waiving this question, inasmuch as the wives of the directors were not present, it will not be presumed that their husbands had any authority to represent them; neither is there any evidence to the effect that they claimed to have such authority. The members of the board only assumed to act in the capacity of directors.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MAXWELL concur.