No. 12,176.

METALLOID COMPANY *v.* LUBOIL REFINING COMPANY, ET AL.

Decided January 21, 1929.

Mr. W. A. ALEXANDER, Mr. DONALD D. KEIM, for plaintiff in error.

Mr. E. P. HUDSON, for defendants in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a suit by The Metalloid Company to foreclose a mortgage given by The Luboil Refining Company. Defendants in error Vonalt, Stiffler, Shell, Harris, and King, stockholders in The Luboil Refining Company, intervened and resisted the foreclosure. The judgment was in favor of the interveners.

The Luboil Refining Company, being indebted to The Metalloid Company in the sum of $686.41 on an open account, borrowed $500 from that company, and, pursuant to a resolution of the board of directors, the vice president and secretary of The Luboil Refining Company executed and delivered its promissory note for $1,186.41, payable to the order of The Metalloid Company, and also executed and delivered a mortgage to secure the payment of the note.

1. The Luboil Refining Company is a manufacturing corporation, and the mortgage covered its entire plant, and all the machinery incident to the production from such plant. There was no vote of the stockholders consenting to the mortgaging of the property; indeed, the matter was never considered at any meeting of the stockholders, nor was any stockholders' meeting called for that purpose.

Section 2263, C. L., provides: ''The board of directors or trustees of a * * * manufacturing corporation shall not have power to encumber the * * * plant of such corporation, or the principal machinery incident to the production from such * * * plant until the question shall have been submitted at a proper

148

and legal meeting of the stockholders, and a majority
of all the shares of stock shall have been voted in
favor of such proposition; and any mortgaging or encum-
bering of such property, without such consent, shall be
absolutely void, and the vote upon such proposition shall
be entered on the minutes of the corporation;  *  *  * ''

This provision is for the protection of the stockholders,
and in a suit by them, a mortgage executed in violation
of such provision will be declared void. *Dillon v. Myers,*
58 Colo. 492, 146 Pac. 268, Ann. Cas. 1916 C, 1032; *Fire-
stone Coal Co. v. McKissick,* 24 Colo. App. 294, 134 Pac.
147. That being the situation in the present case, the
trial court properly gave judgment for the intervening
stockholders.

2. The fact that the directors who, at the directors'
meeting, voted in favor of giving the mortgage, also
owned stock does not validate the mortgage. As we said
in *Steele v. Gold Fissure G. M. Co.,* 42 Colo. 529, 534
(95 Pac. 349), ''The members of the board only assumed
to act in the capacity of directors.'' It also may be said,
though we do not consider it a controlling circumstance,
that the intervening stockholders were not directors and
were not present at the directors' meeting.

3. The contention that the statute referred to is a
private statute and cannot be relied upon because it was
not pleaded, is without merit. It is not a private statute;
it is one of which the courts of this state take judicial
notice.

4. Alva B. King, one of the five interveners, testified
that John S. Beeler, vice president of The Luboil Refin-
ing Company, asked him ''to sign an intervention,'' stat-
ing that ''there was a mortgage that had been given and
there was no stockholders' meeting.'' From this testi-
mony counsel for The Metalloid Company draw the infer-
ence that there was ''collusion'' between the company
and all the intervening stockholders, and argue that it fol-
lows, as a matter of law, that the stockholders are pre-

cluded from attacking the mortgage. The inference is not justified by the facts, so it is not necessary for us to discuss the legal effect of such collusion where it is shown to exist.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE MOORE concur.