### SELLERS v. PHŒNIX IRON CO.[*]

*(Circuit Court, E. D. Pennsylvania.   July 1, 1881.)*

CORPORATION—STOCKHOLDER'S BILL—EQUITABLE RELIEF—FAMILY COMBINATION.
 It is sufficient ground for equitable interference that complainant, who is a stockholder of a corporation, alleges that the officers of the corporation, who are members of one family and own a majority of the stock, have combined to appropriate the profits of the corporation in the form of salaries, and through a contract with a firm of which they are members, and have also combined to keep complainant in ignorance with regard to these transactions.

Demurrer to Bill in Equity.

This was a bill by George H. Sellers against a corporation known as the Phœnix Iron Company, and against its officers and directors individually.   The allegations of the bill were in substance:

That the Phœnix Iron Company was originally organized out of the firm of Reeves, Buck & Co., which was composed of David Reeves, Samuel J. Reeves, Robert S. Buck, and Samuel A. Whitaker, and that at the time of the incorporation the said Robert S. Buck withdrew, the stock being divided among the remaining members of the firm, with the exception of a few shares transferred to employes to provide for filling the offices and the board of directors; that David and Samuel J. Reeves afterwards died, but that their stock continued to be held, and was still held, by their families; that complainant had become the owner by purchase of the stock originally owned by Samuel A. Whitaker, but that all the other stock was held by the families of said David and Samuel J. Reeves, most of it, amounting to a large majority of the whole capital stock, being held or controlled by David Reeves, son of Samuel J. Reeves, and by William H. Reeves, either in their own names or as trustees under the will of Samuel J. Reeves; that said David Reeves was president of the corporation, and William H. Reeves one of the directors; that the business of the corporation was extensive and prosperous, but that the profits were absorbed by excessive salaries to the officers; that instead of making its contracts for bridge building, which was an extensive branch of its business, directly with its customers, the corporation had entered into an agreement with the firm of Clarke, Reeves & Co., of which firm David Reeves and Will-

*Reported by Frank P. Prichard Esq., of the Philadelphia bar.

iam H. Reeves were partners, the terms of which agreement were concealed from complainant, but which obliged the corporation to take all contracts for bridge building in the name of the firm, and to divide the profits with the firm in a proportion not known to complainant; that the corporation had spent large sums in unnecessary and costly improvements; that although it had made large profits the dividends declared were very small; that complainant was refused all information with regard to the affairs of the corporation, and denied access to the books and papers; and that although he had attended the meetings of the stockholders and endeavored to obtain information, he had been defeated by the majority of the stock controlled by the Reeves family.

The bill prayed—

(1) For an account of the assets and liabilities of the corporation and of the receipts and disbursements since complainant became a member; (2) that the president and board of directors be compelled to divide the profits *pro rata* among the stockholders; (3) that they be enjoined from expending in capital improvements sums which ought to be divided as profits; (4) that they make discovery by production of the books and papers of the corporation; (5) that the sums improperly drawn from the corporation might be returned; (6) that disclosure be made of all sums made out of dealings with the corporation by any firm of which its directors were partners; (7) that all dealings between the corporation and such firm be enjoined; (8) that all moneys due by the president or directors be paid to the corporation.

To this bill respondents demurred.

*Samuel W. Pennypacker* and *John G. Johnson,* for complainant.

*Carroll S. Tyson, R. C. McMurtrie,* and *Wayne MacVeagh,* for respondents.

BUTLER, D. J.   While the bill in this case is inartificially and loosely drawn, and contains much irrelevant and impertinent matter, it substantially charges that the stock of the corporation, in which the plaintiff is a shareholder, is mainly owned by the members of one family, who combine to manage the affairs of the corporation in such way as to subserve their own individual interests, to the prejudice of the plaintiff's rights; that David Reeves is president, and William H. Reeves, Carroll S. Tyson, Charles R. Scull, and John Griffin are directors; that the directors pay to themselves large and excessive salaries as officers of the company; that notwithstanding the chief business of the corporation is, or was intended to be, the building of bridges, the president and directors have entered into an agreement with the firm of Clarke, Reeves & Co., under which agreement contracts for bridges are taken in the name of the firm, and the benefits divided between it and the company, in proportions unknown to the plaintiff; that a majority of the members of said firm are

managers and officers of the corporation,—to wit, David Reeves, the president, John Griffin, director and superintendent, and William S. Reeves, director and assistant superintendent,—who as such members of said firm make large profits at the expense of the corporation, by means of unlawful contracts which they as such managers and officers enter into, to the prejudice of the corporation; that the plaintiff has sought information respecting the affairs of the company—the salaries paid to its officers, and the character of its dealings with the said firm, but the defendants, members of the said family, or subject to its control, have combined to keep him in ignorance, by withholding such information and refusing access to books and papers from which it might be obtained; that the plaintiff attended a meeting of stockholders and there sought redress, but that his efforts were rendered fruitless by reason of the conduct of the defendants, who combined against him for that purpose.

The foregoing statement embraces legitimate ground for equitable interference,—in substance, that the defendants, members of one family, and principal owners of the stock, have unlawfully combined to abstract the property of the corporation and apply it to their own use in the form of salaries, and profits of the firm of Clarke, Reeves & Co., and to keep the plaintiff in ignorance of their transactions in this respect. To this extent, and to this only, the bill must be allowed to stand.

So much of the demurrer as relates to the first, second, third, and seventh prayers of the bill, and the statements touching the same, is therefore sustained. As respects all other causes of demurrer assigned, the said demurrer is overruled, without prejudice, however, to the defendants hereafter.