RITCHIE et al. v. PEOPLE'S TELEPHONE CO. et al.

Under Rev. Civ. Code, §§ 1619, 1623, providing that neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or any one for whom he acts as agent has an interest adverse to that of his beneficiary, a director of a telephone company may not act as director and vote on a resolution increasing his salary, and his wife, also a director, is equally incompetent.

A minority stockholder in a telephone company was induced to subscribe upon representations of the manager and principal stockholder that the expense of the company would not exceed $50 per month. The business was managed entirely by the principal stockholder and his wife. No proper accounts were kept. All the moneys collected were mingled with the manager's individual account. For a portion of the time he received $60 a month, and for a larger portion of the time $75 per month; no valid resolutions raising such salary being passed. The whole business was practically run for his benefit, and his accounts were allowed by a meeting of the board at which he and his wife were the sole directors. **Held**, that the minority stock-

holder had the right to have the money paid out in excess of $50 per month paid over to the corporation.

Equity had power to compel the corporation to declare a dividend on the amount so due the corporation.

Under Rev. Code Civ. Proc. § 227, providing that a receiver may be appointed by the court in which an action is pending in all cases where receivers have heretofore been appointed by courts of equity, **held**, that a proper case was presented for the appointment of a receiver.

(Opinion filed, February 10, 1909.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Suit by R. R. Ritchie and others against the People's Telephone Company and others to determine the rights of a minority stockholder. From a judgment partly in favor of both parties, complainants appeal. Reversed, with directions to enter judgment.

*Fred H. Whitfield*, for appellants.

A director can not with propriety vote in the board of directors, upon a matter affecting his own private interest, and any resolution passed at a meeting of the board of directors, at which a director, having a personal interest in the matter, voted, will be voidable at the instance of the corporation or shareholders, without regard to its fairness, provided the vote of such director was necessary to the result. 10 Cyc. IX, 790; Beach on Private Corporation, sec. 276; Morrison Priv. Corp. § 516; Aug. & A. Corp. § 233; 9 Pom. Eq. Jus. §§ 958, 959, 1050, 1077; Graves v. Mono, etc., Min. Co., 22 Pac. 655; Smith v. Los Angeles, etc., Assoc., 20 Pac. 677; Chamberlain v. Wool Growing Co., 54 Cal. 103; Loftus v. Farmers' Shipping Ass., 8 S. D. 201; Mallory v. Mallory-Wheeler Co., 23 Atl. 708; Ward v. Davidson, 1 S. W. 847; Troy Mining Co., v. White, 10 S. D. 475. A court of equity has the power to compel a corporation to make a dividend of its profits among its stockholders. Cook on Stock and Stockholders, sec. 541; Morowetz Priv .Corp. sec. 404; Fougeray v. Cord, 24 Atl. 499; Parks v. Locomotive Works, 40 N. J. 114; Robinson v. Smith, 3 page 223; Miner v. Belle Isle Ice Co., 93 Mich. 97. A receiver may be appointed of a corporation when the same is insolvent or in danger of insolvency. Dudley v. Dak. Hot Springs Co., 11 S. D. 859; Kelley v. Fargo Mctle. Co., 91 Mo. 350. And a court of equity

will also appoint a receiver and suspend the powers of the officers of such corporation when they have shown incapacity or are guilty of gross fraud or wrong or abuse of office as trustees of the stockholders, or have been guilty of misappropriation of funds, until such funds have been returned to the company and the wrong purged. 23 Am. & Eng. Ency. Law (2d) pp. 1023-41; Fougeray v. Cord, 24 Atl. 499; Miner v. Belle Ilse Ice Co., 53 N. W. 218; State, etc., v. Second Judicial District Court, 27 L. R. A. 392; Sternberg v. Wolf, 39 L. R. A. 762.

*Charles W. Brown,* for respondent.

This court had no jurisdiction to review that part of the judgment of the court below directing Christian L. Jensen to pay to the People's Telephone Company the sum of $138.33 for the use and benefit of that company. Sec. 464, Code Civ. Proc.; 3 Cyc. 220, 253-257; In re Burdick, 40 Pac. 35; Pac. Ins. Co. v. Fisher, 39 Pac. 758; Vinal v. Spafford, 139 Mass. 126; Moerchen v. Stoll, 48 Wis. 307; LeMay v. Baxter, 11 Wash. 649; Kingsbury v. Powers, 131 Ill. 182; Millard v. Harris, 119 Ill. 185; Chester v. Jumel, 125 N. Y. 237. The court erred in basing its judgment against Christian L. Jensen and other defendants upon a finding of fact not pleaded, and therefore not in issue in this case. Harkins v. Cooley, 5 S. D. 227; McKennett v. Barringer, 8 S. D. 556; Seiberling v. Mortinson, 10 S. D. 644; Steere v. Gingery, 21 S. D. 183; Reed v. Coughran, 21 S. D. 257; Wolfinger v. Thomas, 22 S. D. 57, 115 N. W. 100; Gregory v. Nelson, 41 Cal. 279; Morenhout v. Barron, 42 Cal. 605; Devoe v. Devoe, 51 Cal. 543; Mondran v. Goux, 51 Cal. 151; City of Winona v. Minn. Co., 27 Minn. 427; Munday v. Vail, 34 N. J. L. 418; Hunt v. Daniel, 6 J. J. Marsh 399; Sec. 242 Hayne New Tr. & App.; Sec. 1027 Abbott's Brief on Pleadings; Sec. 121 Freeman on Judgments; Sec. 242 Black on Judgments.

CORSON, J. This is an action by two minority stockholders of the defendant corporation against the corporation and the president, secretary, and board of directors of the same. Findings and judgment being partly in favor of the defendant and partly in favor of the plaintiffs, the plaintiffs have appealed from that part of the judgment denying the plaintiffs the full relief prayed for.

The complaint is very lengthy, and, as the court finds the facts substantially as alleged in the complaint, it will only be necessary to state the substance of the prayer of the complaint, which is as follows: The plaintiffs pray for a restraining order pending the action; that the defendants be required to make a just and true account of all business affairs of said corporation; that the individual defendants may be decreed to account as trustees for the corporation for all sums received by them; that the said defendant C. L. Jensen be required to account for all moneys received by him individually; that a receiver be appointed by the court to take charge of and manage the property and business of the corporation and to carry on its business for the best interests of the corporation and its stockholders; and that these plaintiffs and all others similarly situated who join in this action may have judgment against the defendants for their proportion of the earnings of the corporation, as shown by such accounting, and for such other and further relief as may be just and equitable in the premises.

The court finds, in substance, the following facts: That the defendant the People's Telephone Company is a corporation duly organized and existing under the laws of the state of South Dakota, having been organized about the month of October, 1895. That the defendant C. L. Jensen was one of the incorporators of said company, and since its organization has been at all times the president, general manager, stockholder, and one of the directors thereof. That the defendant Lillie M. Jensen, wife of C. L. Jensen, has been one of the directors and treasurer of said company since about the month of December, 1895. That the defendant Parks has been one of the directors of said company since the month of August, 1896. That said Parks became a stockholder and director at the request of C. L. Jensen, who purchased one share of the stock of said corporation and caused the same to be issued to the said Parks. That said Parks has no active interest in said company and has participated at the meetings of directors since his appointment only at the request and in the interest of said defendant C. L. Jensen. That at all times since the month of August, 1896, the board of directors of the defendant company has consisted of said C. L. Jensen, Lillie M. Jensen, and said Parks. That the

plaintiff Ritchie is the owner and holder of 35 shares of stock in said defendant company. That the plaintiff Merchant is the owner and holder of 38 shares of said capital stock of said company. That said stock was purchased by the plaintiffs from the defendant Jensen upon his representation that he was constructing a telephone plant at Hot Springs, S. D., which was about completed, that the same was out of debt, that he would have the management of the same, and his promise and agreement that the entire costs of the running and operating expenses would be $50 per month, which would cover all the operating expenses, including his own compensation as manager, rent, fuel and lights. That the capital stock of said defendant corporation is divided into 500 shares of the par value of $100 each, of which there are 237 shares issued, all of which, except 73 shares owned by the plaintiffs and 1 share held by Parks, are owned by the defendants C. L. Jensen, Lillie M. Jensen, and their relatives, and are controlled by the defendant C. L. Jensen. That there is no by-law or resolution of the board of directors or of the stockholders fixing or granting to the defendant C. L. Jensen any compensation whatever, except a resolution giving him $75 per month for his services. That from December 1, 1895. to June 12, 1897, said Jensen took and received from the company the sum of $60 per month for his compensation. That on June 12, 1897, said salary was increased to $75 per month by resolution adopted at that time. That until June 12, 1897, there was no charge made by said C. L. Jensen for fuel, lights, or rent except the sum of $112. That said defendant C. L. Jensen and the Jensen Livery Company owned certain premises in Hot Springs which was used jointly by the defendant company and by the Jensen Livery Company, as well as by C. L. Jensen as his private office. That between the 12th day of June, 1897, and April 17, 1902, the defendant C. L. Jensen charged the defendant company the sum of $320 for rent of said premises, and also charged the defendant company the sum of $140 for fuel during the same period, which charges for rent and fuel were received by the defendant C. L. Jensen personally. That on the 26th day of June, 1901, a financial statement was presented by said C. L. Jensen showing a balance of $620.26 due him to that date, and a resolution was offered and

passed allowing him said account and directing the same to be paid
by a demand note made to C. L. Jensen for the sum of $600 and
the payment of $20.26 in cash.   That the sum of $620.26 was
found after allowing said C. L. Jensen compensation at the rate
of $60 per month from December 1, 1895, to June 12, 1897, and
$75 per month from June 12, 1897, together with $320 for fuel
and $140 for rent to June 12, 1897.   That the total amount of the
earnings and receipts of the defendant company during the time
mentioned were $8,129.60, and the total disbursements between the
same dates were $7,559.45, as shown by the books of the company.
That the sum of $75 per month was a reasonable compensation for
the services performed by the said C. L. Jensen as president and
general manager of the defendant company, and the further sums
of $320 and $140 for rent and fuel, respectively, and that prior to
June 12, 1897, the sum of $112 was charged for fuel and rent.
That the defendants C. L. Jensen and Lillie M. Jensen have been
in the entire control and management of all the corporate rights,
property, and business of the defendant company at all times since
the month of December, 1895.   That no election of officers or di-
rectors has ever been held, and no notice of any regular or special
meeting of stockholders or directors has ever been served or given
to the plaintiffs in any manner, and only two meetings of the di-
rectors have been held since December 1, 1895, to wit:  The spe-
cial meeting of June 12, 1897, at which the above resolution grant-
ing $75 per month as salary to said C. L. Jensen was adopted; and
the special meeting of the directors held June 26, 1901, at which
the only business transacted was approving the financial statement
of said Jensen and authorizing and directing the making of the
$600 demand note.   That no notice of either of these meetings
nor of the action taken was ever given to the plaintiffs, or either
of them.   That the by-laws of the defendant company require the
treasurer of said company to furnish a bond in the sum of $2,000,
which was never furnished.   That no bank account has ever been
kept for the defendant company, and the funds have not been reg-
ularly deposited in any bank or institution.   That as fast as re-
ceived the income has been received by the defendant C. L. Jensen
and placed in a cash drawer at the company's office with the indi-

vidual money of the defendant C. L. Jensen and the money of the Jensen Livery Company and paid out by the defendant Jensen as treasurer. That the books of the defendant company have been kept by Lillie M. Jensen, and no trial balance was ever made. The books were never closed or balanced and did not show the amount of money on hand or in the treasurer's hands at any given time, except that the receipts and disbursements to the date of trial were computed by showing a balance on hand of $570.70 on April 12, 1902. That the by-laws required the treasurer to make and furnish to the board of directors a semi-annual financial statement, giving a list of the receipts and the disbursements, a statement of the cash on hand, and no such statement was ever made by the treasurer nor furnished by her to the directors. That a large portion of such receipts was collected by defendant C. L. Jensen in merchandise, goods, and services, instead of cash, and by him charged against his account on the books of the company.

From these findings the court concludes: That the plaintiffs are entitled to have the defendant C. L. Jensen return to the company the sum of $10 per month, being the difference between $50, which he agreed to take for his services, and the $60 per month which he charged as salary prior to June 12, 1897, amounting to $183.33, together with any sum charged by said Jensen for fuel, rent, and lights prior to June 12, 1897; that by the resolution of June 12, 1897, the compensation of Jensen as president, director, and general manager of the defendant company was properly fixed at $75 per month; that the complaint should be dismissed except as to the relief above granted; that there is no equitable showing for the appointment of a receiver, nor further relief against the defendants. Upon these findings judgment was entered adjudging that said Jensen pay to the defendant People's Telephone Company the sum of $183.33 for the use and benefit of said company; that the plaintiffs' complaint be dismissed except as to said C. L. Jensen on the part of the plaintiffs; and it was further ordered that each party should pay one-half of the costs of the action. The appeal was taken from said judgment, except the portion thereof whereby it is adjudged that the defendant Jensen pay to the defendant the People's Telephone & Telegraph Company

the sum of $183.33 for the use and benefit of said company.   No
exceptions seem to have been taken to the findings of the court,
and the only exceptions relied on by the appellants are that the con-
clusions of law of the court were erroneous.

It is contended by the appellants that the trial court erred in
failing to find as conclusions of law the full claim or relief to
which they were entitled from the findings of fact.   It is further
contended that the pretended resolution of June 12, 1897, passed
by C. L. Jensen and his wife, with the concurrence of Parks, was
voidable, if not void, and should have been vacated and annulled by
the court, and said C. L. Jensen required to return the money re-
ceived by him as salary and for fuel, rent, and lights after June
12, 1897, in excess of $50 per month, amounting to the sum of
$2,022 in addition to the $183.33 which was allowed for such excess
prior to that date.   Appellants further contend that the complaint
was improperly dismissed for the reason that the relief asked for
was granted in part and should have been granted in full,
and the costs of the action should have been taxed against
the defendant C. L. Jensen, against whom the action was direct-
ed, and who was found by the court to be guilty of a breach of
trust and misappropriation of the funds of the corporation, and
under the facts found that plaintiffs were entitled to the appoint-
ment of a receiver to take charge of said property.

We are inclined to take the view that the plaintiffs are right
in their contention.   It will be observed from the findings of fact:
That the plaintiffs were induced to purchase the 73 shares of stock
of the corporation upon the representations of the defendant C.
L. Jensen that he would have charge of the company, and that
the expenses of the same would not exceed $50 per month; that
the business of the corporation was managed entirely by the said
C. L. Jensen and his wife; that no proper accounts were kept;
that all of the moneys collected were received by the said C. L.
Jensen and mingled with his individual moneys belonging to the
livery corporation; that, in addition to the $50 per month, he had
received for a portion of the time $60 per month, and for the larger
part of the time $75 per month; that he charged and received a
large sum for rent, fuel, and light individually; that the whole

business of the corporation was practically managed and run for the benefit of C. L. Jensen, and not for the benefit of the corporation or the stockholders therein; that the pretended resolution adopted, increasing his salary to $75 per month, was adopted by himself, his wife, and said Parks (who seems to have been under the entire control of C. L. Jensesn) at the special meeting of the board of directors called for that particular purpose; and that his accounts were allowed and approved at a special meeting of the board at which he and his wife and the said Parks acted as the sole directors.

It is contended by the appellants that C. L. Jensen was disqualified to act as a director and vote for either resolution in his own interest, and that his wife was equally disqualified by reason of her relationship to him as his wife, and that the court in its conclusions of law, in holding that the resolutions were legally adopted, was clearly in error. This contention of the appellants is sustained by the authorities. 10 Cyc. 590; 3 Thompson on Corporations, § 4389; First National Bank v. Keenan, 12 S. D. 240, 80 N. W. 1135; Same v. McGuire, 12 S. D. 226, 80 N. W. 1074, 47 L. R. A. 413; Sellers v. Phoenix Iron Co., 13 Fed. 20; Butts v. Wood, 38 Barb. (N. Y.) 181; McNaughton v. Osgood, 3 N. Y. St. Rep. 795, 41 Hun. 109; Loftus v. Farmers' Shipping Ass'n, 8 S. D 201. 65 N. W. 1076; Graves v. Mono, etc., Mining Company, 81 Cal. 303, 22 Pac. 665; Smith v. Los Angeles, etc., Ass'n, 78 Cal. 289, 20 Pac. 677; Chamberlain v. Pacific Wool-Growing Co., 54 Cal. 103; Mallory v. Mallory Wheeler Company, 61 Conn. 131, 23 Atl. 708; Ward v. Davidson, 89 Mo. 445, 1 S. W. 846; Troy Mining Company v. White, 10 S. D. 475, 74 N. W. 236, 42 L. R. A. 549. In 10 Cyc., supra, the law applicable to this class of cases is thus stated: "A director cannot with propriety vote in the board of directors, upon a matter affecting his own private interest, any more than a judge can sit in his own case; and any resolution passed at a meeting of the board of directors, at which a director having a personal interest in the matter voted will be voidable at the instance of the corporation or shareholders, without regard to its fairness, provided the vote of such director was necessary to the result." In Koehler v. Black River Falls Iron Co., 2

Black, 715, 17 L. Ed. 339, the Supreme Court of the United States, speaking by Mr. Justice Davis, in discussing the question as to the position of the directors of a corporation, uses the following language: "Directors cannot thus deal with the important interests intrusted to their management. They hold a place of trust, and by accepting the trust are obliged to execute it with fidelity, not for their own benefit, but for the benefit of the stockholders of the corporation."

Section 1619 of our Revised Civil Code provides: "Neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or any one for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary"—with certain exceptions that are not applicable to this case. And section 1623 provides: "Every violation of the provisions of the preceding section of this article is a fraud against the beneficiary of the trust." This question was very fully considered by this court in the case of Loftus v. Farmers' Shipping Ass'n, supra, in which this court said: "While the courts have not always been in strict accord as to the legal effect of a contract so made, it seems to be pretty well established that such a contract is at least voidable at the instance of those, like stockholders, whose interests are affected." And this court, after citing a number of authorities bearing upon the point, further says: "Although a contract so attempted to be made may not be necessarily unjust to the stockholders generally, or show upon its face that it is one that could not have been made in their interest, still it lacks the essential element of assent by both parties, for a majority of those whose duty it was to represent and act only as the agents of the corporation and in its interest really acted for themselves in apparent and probably real hostility to that of the corporation." And in that case this court held that, by reason of the fact that two of the directors who acted as members of the board were interested in the lease claimed to have been granted by the corporation to them, the proceedings were void as against the complaining stockholders. It is quite clear therefore that under the authorities the resolutions adopted by the board consisting of Jensen and his wife and Parks were void as against the plaintiffs in this action.

The court having in its conclusions erroneously held the resolutions adopted at these two meetings to be valid, it follows that there was no authority on the part of C. L. Jensen, as against these plaintiffs, to take, accept, or receive any excess of the $50 per month, including rents, fuel, etc. The plaintiffs, therefore, having purchased their stock under a contract with C. L. Jensen that the expenses of the corporation should not exceed $50 per month, are entitled to have all the money received by him in excess of $50 per month paid over to the corporation for the benefit of the stockholders, and, as it was shown that C. L. Jensen was practically the manager and controlled the entire business of the corporation, the plaintiffs were entitled to a judgment, not only that the money received by him be paid over to the corporation, but that the same should be adjudged to be divided among the stockholders in the form of a dividend. The power of a court of equity to compel the corporation to make a dividend of its profits among the stockholders seems to be well settled. Morawetz, Private Corporations, § 276; Fougeray v. Cord, et al., 50 N. J. Eq. 185, 24 Atl. 499; Park v. Locomotive Works, 40 N. J. Eq. 114, 3 Atl. 162; Robinson v. Smith, 3 Paige (N. Y.) 223; Miner v. Belle Isle Ice Company, 93 Mich. 97, 53 N. W. 218, 17 L. R. A. 412. Mr. Morawetz, in his work on Private Corporations, supra, states the rule as follows: "Every shareholder in a corporation is entitled to have the capital preserved unimpaired, for the purpose of carrying on the business for which the company was formed. * * * If the agents of a company wrongfully refuse to distribute profits, when it is their duty to do so, a court of equity will grant relief at the suit of any shareholder." In Fougeray v. Cord et al., supra, the Court of Chancery of the state of New Jersey held: "Where a majority of the stockholders have combined to so manage the business of the corporation as to divert all the profits of the enterprise from their legitimate destination, and to appropriate them to their own use, and have in part executed their plan, and the circumstances render any change in the personnel of the management impracticable, a proper case has arisen for the intervention of the court to make a division of the assets. A trustee, who has committed a breach of trust by deliberately extracting and appropriating to his

own use a portion of the trust fund, cannot cure the breach and demand the further custody of the fund by simply restoring it."

The contention of the appellants that the court under its findings should have appointed a receiver to take charge of the corporation and manage the same in the interests of its stockholders is also clearly correct. Courts of chancery having long exercised the power of appointing receivers, where the officers of a corporation have shown incapacity or are guilty of gross fraud or wrong or abuse of office, as trustees or directors, by the misappropriation of funds until such funds have been returned to the company. 23 Am. & Eng. Ency. of Law, 1023; State v. Second Judicial District Court, 15 Mont. 324, 39 Pac. 316, 27 L. R. A. 292; Sternberg v. Wolff, 56 N. J. Eq. 389, 39 Atl. 397, 39 L. R. A. 762; Miner v. Belle Isle Ice Company, supra. In the latter case the Supreme Court of Michigan, in discussing this subject, uses the following language: "This corporation has utterly failed of its purpose, not because of matters beyond its control, but because of fraudulent mismanagement and misappropriation of its funds. Complainant has a right to insist that it shall not continue as a cloak for a fraud upon him, and shall not longer retain his capital to be used for the sole advantage of the owner of the majority of the stock, and a court of equity will not so far tolerate such a manifest violation of the rules of natural justice as to deny him the relief to which this situation entitles him. * * * 'A receiver will be appointed." In State v. Second Judicial District Court, supra, the Court of appeals cites with approval the Michigan case and holds that, under similar circumstances as those in the case at bar, a receiver will be appointed to manage the property, and in the following case the court quotes with approval from Waterman on the Law of Corporations, vol. 2, § 356, as follows: "The power to appoint a receiver is necessarily inherent in a court which possesses equitable jurisdiction. * * * The property is thus placed in the hands of an officer of the law in order that it may be under the protecting care and control of the court and be delivered unimpaired to the persons to whom it is legally ascertained to belong." Ranger v. Champion Cotton Press Company (C. C.) 52 Fed. 611.

By section 227 of the Revised Code of Civil Procedure it is provided: "A receiver may be appointed by the court in which an action is pending, or by the judge thereof: * * * (6) In all other cases where receivers have heretofore been appointed by the usages of courts of equity." It will thus be seen that the inherent power to appoint receivers has been preserved by the Code and is still retained by courts of equity within this jurisdiction. It is quite apparent from the findings of the court in this case that C. L. Jensen, who by means of his wife and Parks had the sole charge of the corporation and the management of its corporate property and effects, so used the same for his own private advantage and benefit as to require the appointment of a receiver, and that his power as manager should have been suspended by the appointment of a receiver, until all the funds so improperly received by him should be returned to the corporation through the receiver.

The court therefore should have concluded as a matter of law that there was due from Christian L. Jensen the sum of $2,305.33 besides the $570 which it was admitted the corporation had on hand, and Jensen should be required to repay to said corporation the said $2,305.33, with interest thereon at 7 per cent per annum from April 17, 1902, provided that, in case the said Jensen produces for cancellation the note for $600, he shall receive credit upon the $2,305.33 for the said sum of $600 as of the date of April 17, 1902. There should be appointed a receiver for the property of said corporation, who should take over the property and manage the business of said corporation until such time as the lower court otherwise directs. The said receiver should be directed to collect the said $2,305.33, as well as the said $570, and further be directed to recover from the said Christian L. Jensen any sum or sums which the said Jensen may have retained from the moneys of said corporation for and on account of salary, rents, or fuel in excess of $50 per month since the 17th day of April, 1902. The said receiver should be directed to pay such dividends as the assets of the company will authorize, retaining dividends which would otherwise belong to said Jensen and wife until said parties have repaid to said corporation all moneys due the same.

The judgment of the circuit court is therefore reversed, and that court is directed to correct its conclusions of law and enter judgment in accordance with the views expressed in the foregoing opinion.