### RITCHIE et al. v. JENSEN et al.
#### (Opinion filed November 2, 1910.)

On rehearing. Former opinion and judgment reversed.

For former opinion, see 22 S. D. 598, 119 N. W. 990. Hon. LEVI McGEE, Judge.

*Fowler & Fowler,* for appellants. *Charles M. Brown,* for respondents.

SMITH, J. This case is before us upon rehearing, and will be found reported in 22 S. D. 598, 119 N. W. 990. When the former decision was rendered, there was no brief on file for respondents. Subsequently respondents petitioned for a rehearing, which was granted. One ground upon which such petition was based was that through inadvertence of their former counsel respondents were not informed of any proceeding in this court prior

to the rendition of its decision, and thus were deprived of an opportunity to be heard. In preparing the decision for publication in our state reports, the brief of counsel for respondents on rehearing, wherein it is contended this court was without jurisdiction to review that part of the judgment of the court below directing defendant Christian L. Jensen to pay the telephone company the sum of $183.33 for the use and benefit of the company's stockholders, and that this court erred in basing its decision upon a finding of fact not pleaded, was inserted, as if such brief had been on file when such decision was rendered. In fact, there was no brief on file of any description on behalf of respondents, and such contentions were not then considered by this court. However, in the view we take at this time, these matters become immaterial, and need not be further noticed. This appeal is before the court upon the judgment roll alone, consisting of pleadings, findings of fact, conclusions of law, and the judgment. The pleadings are very voluminous, and only certain portions thereof need be referred to for the purpose of such matters as we deem decisive of the appeal. The complaint, among other things, alleges that said Jensen converted the funds of the company to his private use; that the books of the company have been imperfectly kept, falsified, altered, changed, and rewritten by the defendants, in consummation of a fraudulent plan and design to misappropriate the property and income of the corporation to the detriment of its stockholders; that one of the original books of the company has been removed or destroyed, and further alleges that, by reason of such fraud, mismanagement, and dishonesty of the defendants, the property, franchises, and business of the defendant company are being lost, destroyed, and damaged for the express purpose of wrecking the business of the company, and depreciating the value of its stock in order to deprive the stockholders and particularly these plaintiffs thereof, and to enable the defendant Christian L. Jensen to appropriate the property and income thereof to his own use and personal advantage. All these allegations of the complaint and numerous others of a similar character are specifically denied by the answer. No findings of

fact appear to have been made by the trial court with reference to these alleged fraudulent acts of the defendants, but, as no question is raised in appellants' brief as to the failure of the court to make findings upon the various charges of fraudulent conduct, they will be deemed abandoned by appellants, as well as for the reason that the findings are entirely silent upon them; and, no evidence having been preserved in the record tending to prove such allegations, it will be presumed that none was offered.

No question is raised as to the sufficiency of the evidence to support the findings of fact. From the findings it appears that the People's Telephone & Telegraph Company was a corporation organized under the laws of this state in the month of October, 1895; that the defendant Christian L. Jensen has at all times since been the president, general manager, and one of the directors thereof; and that the defendant Lillie M. Jensen, wife of Christian L. Jensen, was elected treasurer of said company in December, 1895, and has been such treasurer since that time; that the shares of stock owned by the plaintiffs were purchased from the defendant Christian L. Jensen subsequent to the organization of the corporation, upon Jensen's representation that he was constructing a telephone plant at Hot Springs which was about completed; that the corporation was out of debt; that he would have the management thereof; and that he promised and represented to the plaintiffs that the cost of running and operating the plant would be no more than $50 per month, and that that sum would cover all expenses, including his own compensation as manager. The court further finds that Jensen and his wife at all times have had entire control and management of the business of the defendant company; that no election of officers or directors has been held since the organization of the company; and that no notice of any regular or special meetings of the stockholders or directors has been given the plaintiffs; that only two meetings of the directors have been held since December 1, 1895; that the by-laws require the treasurer of the company to furnish a bond in the sum of $2,000, which has never been furnished; that the funds of the defendant corporation have never been regularly deposited in any

bank, but have been mingled with the personal funds of the defendant Christian L. Jensen, and paid out by him as treasurer, and the books of the company have been kept by Lillie M. Jensen, his wife; that no trial balance has ever been made; and that the books were never closed or balanced to show the amount of money on hand at any given time, except that the receipts and disburse-ments were computed up to the date of the trial, April 17, 1902, and show a balance on hand of $570.70. The findings further show that a large portion of the receipts of the corporation were collected by the defendant Jensen in merchandise, goods, and services, instead of cash, all of which were charged against his account on the books of the company, but the findings do not show that the books of the corporation were falsely or fraudulently kept, nor that any of the charges made therein were fraudulent or excessive, or that any act of the defendants was done with fraudulent intent. The findings further disclose that the earnings and receipts of the company from January 20, 1896, to April 1, 1902, were $8,129.60 and the total disbursements during said time were $7,559.45. The corporation is not shown to be insolvent. The findings further show that the defendant Christian L. Jensen charged for his services as manager the sum of $60 per month up to June 12, 1897, and from June 12, 1897, to the 26th day of June, 1901, charged the sum of $75 per month for such services, which the court finds to be a reasonable compensation; also, that the defendant charged the sum of $320 for fuel and $140 for rent from the 12th day of June, 1897, to the 26th day of June, 1901, but the court does not find that the items so charged were excessive or fraudulent in character, nor is there any finding that the defendant Jensen acted dishonestly or fraudulently in any respect in the discharge of his duties as general manager of the business of the corporation, nor that the books were altered, falsified, or fraudulently kept.

The question upon this record is whether these plaintiffs as stockholders have any right in themselves to maintain this action, the purpose of which is to require the defendant Christian L. Jensen to return to the corporation all moneys alleged to have

been paid out by him as manager in excess of the sum of $50 per month. Under these findings of fact, the right of plaintiffs to maintain this action, if it exists at all, must be founded· solely upon the alleged promises or representations made by the defendant Jensen to them at the time they became purchasers of stock. I do not know of any rule of law which would authorize these plaintiffs to maintain an action of this character in the absence of a finding of dishonest or fraudulent conduct or mismanagement of the affairs of the corporation on the part of the defendants in the discharge of their duties as officers and manager of the cor-poration. By the judgment of the court the defendant Christian L. Jensen was required to pay over to the defendant corporation the sum of $183.33, being the amount charged by him as compensation for his services prior and up to June 12, 1897, while as to the other alleged overcharges the complaint is adjudged to be dismissed. Neither the plaintiffs nor the defendants have appealed from the judgment awarding the recovery of $183.33, but the plaintiffs are here contending that the defendant Christian L. Jensen upon these facts should have been required to pay over to the defendant corporation a sum largely in excess of the amount of this judgment, to-wit, the sum of $2,205.33. While it is conceded that this court cannot modify a portion of a judgment from which no appeal has been taken, and waiving the contention that there is no appeal before this court as to the balance of the sum claimed, yet the question as to the right of the plaintiffs to maintain this action in equity for the purpose of requiring the defendant Jensen to pay over to the corporation the additional sum claimed may be assumed to be before this court upon this appeal. As has been observed, the corporation was completely organized, its officers elected, and stock being issued at the time these plaintiffs became stockholders. It is apparent, therefore, that the defendant Christian L. Jensen in no sense bears the relation of a promoter, either to the corporation or the purchasers of stock. Under these conditions, the plaintiffs as stockholders cannot maintain an action in equity in the absence of evidence or findings supporting the allegations of fraudulent mismanagement or mis-

conduct of the affairs of the corporation. For that reason alone, and without regard to other questions raised upon this appeal, the judgment of the trial court should be affirmed.

HANEY, J. (concurring specially). The judgment appealed from (omitting its formal parts) is as follows: "It is ordered and adjudged that the defendant Christian L. Jensen pay to the defendant People's Telephone & Telegraph Company, a corporation, the sum of $183.33, for the use and benefit of said company, that the plaintiffs' complaint herein be dismissed, except as to said recovery on the part of the plaintiffs from the defendant Jensen; and it is further ordered and adjudged that each party, plaintiffs and defendants, pay one-half of the costs of this action." As to plaintiffs' appeal, the record reads thus: "Thereafter and within the time allowed by law, the plaintiffs duly took and perfected an appeal from said judgment, except the portion thereof whereby it is adjudged that the defendant Christian L. Jensen pay to the defendant the People's Telephone & Telegraph Company, a corporation, the sum of $183.33 for the use and benefit of said company by serving and filing a proper notice of appeal and undertaking on appeal duly approved by the judge of said court as to form and sufficiency of sureties." Thus it appears that the plaintiffs did not appeal from the portion of the judgment which determined the amount of company funds which had been misappropriated by the defendant Christian L. Jensen, though contending such amount should have been $2,205.33, instead of $183.33, the amount adjudged to be due to the corporation. And it now is contended by respondents, in effect, that plaintiffs acquiesced in and consented to such adjudication by expressly excepting that portion of the judgment in their notice of appeal; that, by reason of such exception, they cannot be heard to question the correctness of such adjudication; and that this court is without authority to reverse or modify the same. I think respondents are right in this contention. Our statute provides as follows: "Upon an appeal from a judgment or order, or upon a writ of error, the Supreme Court may reverse, affirm or modify the judgment or order, and as to any or all of the parties; and may, if necessary,

or proper, order a new trial; and if the appeal is from a part of the judgment or order, may reverse, affirm or modify as to the part appealed from." Rev. Code Civ. Proc. § 464.

Appellants concede that the portion of a judgment not appealed from cannot be reversed or modified, but they contend that the sum stated in the judgment in this case represents only one item in the accounting, and that the judgment is not conclusive as to other items claimed to be due the corporation. The contention is not tenable. It rests on a misconception of the legal effect of the judgment. The complaint stated only one cause of action. The object of the action was to compel the restoration to the corporation of certain sums alleged to have been misappropriated by defendant Christian L. Jensen. The principal issue was the amount of such misappropriations, if any. As means to effect the object of the action plaintiffs demanded an accounting, the issuing of a restraining order, and the appointment of a receiver. By its judgment the trial court determined (1) that the amount to be restored to the corporation was $183.33; (2) that a restraining order should not issue; (3) that a receiver should not be appointed; and (4) that the costs and disbursements should be divided. It was adjudged by the part of the judgment not appealed from that no sum in excess of the amount named had been misappropriated. Neither party having appealed from such adjudication, it must stand as the law of this case. It is as conclusive against the plaintiffs' claim that a greater sum should be restored as it is against the defendants that the amount named is due the corporation. The amount to be restored being so small, there was no abuse of discretion in refusing to issue a restraining order, nor any abuse of discretion in refusing to appoint a receiver. In view of the conclusion reached by the trial court regarding the amount of recovery, it did not err in dividing the costs and disbursements.

Therefore, adhering to the views expressed in the former decision of this court, upon the issues then considered, I concur in the conclusion that the judgment of the circuit court should be affirmed.

CORSON, J., dissenting.