NORDGREN, Appellant, v. OLDHAM RURAL TELE-
PHONE COMPANY, Respondent.

(168 N. W. 26.)

(File No. 4201.   Opinion filed June 11, 1918.)

1.  **Appeals—Error—Erroneous but Excessive Finding, Non-preju-
dicial.**

Findings for plaintiff, though erroneous in certain respects,
are non-prejudicial to him, where the judgment awards plain-
tiff an amount in excess of his dues under issues and evidence.

2.  **Limitation of Actions—Recovery on Separate Causes, Treated as
Account, Effect re Limitations.**

Where separate items pleaded in a complaint involved dis-
tinct causes of action, trial court erred in making findings in
the form of an account covering all causes of action.   So held,
in applying statute of limitations to the suit; since, while the
several claims were not plead as distinct causes of action,
defendant failed to raise that objection.

3.  **Limitation of Actions—Allowance of Claim by Corporate Direc-
tors, Tolling Statute—Burden of Proof re Allowance.**

The burden of proving a legal and valid allowance by cor-
porate directors of a claim against the corporation, which
allowance might toll statute of limitations, is upon plaintiff.

4.  **Limitation of Actions—Allowance of Claim by Corporate Direc-
tors, Tolling Statute by—Allowance Through Plaintiff Direc-
tor's Vote, Voidness of.**

In a suit against a corporation to recover under a contract
for labor and material, alleging the claim was allowed by
defendant board of directors, held, that where but a bare
majority of the directors, including plaintiff, voted for allow-
ance of the claim, such action was void; and the evidence
wholly insufficient to toll statute of limitations.

Appeal from Circuit Court, Kingsbury County.   Hon. ALVA
E. TAYLOR, Judge.

Action by Carl C. Nordgren, against the Oldham Rural
Telephone Company, to recover upon contract for construction
of a telephone line, etc.   From a judgment in his favor for cer-
tain relief, and from an order denying a new trial, plaintiff ap-
peals.   Affirmed.

*E. F. Green,* for Respondent.

*Null & Royhl,* for Respondent.

(4)   To point four of the opinion, Respondent cited:   10
Cyc. 590; Thompson on Corporations, Sec. 4389; First National

Bank v. Keenan, 12 S. D. 240, 80 N. W. 1135; Koehler v. Black River Falls Iron Co., 2 Black, 715, 17 L. Ed. 339.

SMITH, J.  Action to recover an amount alleged to be due upon a contract for the construction of a telephone line and for other work and labor performed and moneys expended for the use and benefit of the defendant corporation.  The complaint alleges four separate and distinct causes of action, each embracing different items of debit and credit.  The answer, so far as material to this appeal, contains a general denial, a plea of the six-year statute of limitations, and allegations to the effect that the plaintiff, as an officer of the defendant, has in his possession moneys of the corporation unaccounted for, with a prayer for an accounting.  Trial to the court, which made findings of fact and conclusions of law and entered judgment for $83.16 in favor of plaintiff.  Plaintiff appeals.  The assignments cover only alleged errors in receiving in evidence two certain exhibits, and insufficiency of the evidence to sustain the findings and judgment.  The evidence is voluminous and somewhat conflicting, and covers some 145 pages of the printed record.  A discussion of the rulings upon the exhibits referred to would necessarily involve a review of the evidence and the record, and the assignments present no questions, principles, or rules of evidence which are not well settled, and a review of them is not justified by their importance in this case, especially in view of the conclusions reached upon other grounds.

[1] We have examined the entire evidence, together with the findings of the trial court, and, while we are of the view that the court erred in finding certain facts, we are clearly of the opinion that such errors were not prejudicial, in that the judgment awards to plaintiff an amount in excess of what he is entitled to recover under the issues and the evidence in the record. The plea for an accounting need not be considered, for the reason that no moneys belonging to the corporation are shown to have been received by plaintiff except such as were connected with items involved in the various causes of action pleaded. A careful examination of the evidence shows that every item of plaintiff's different causes of action, save one for $18 rent of Becker telephone from March, 1907, to August, 1908, was barred by the

six-year statute of limitations, and the trial court should have so found.

[2] Apparently the trial court lost sight of the fact that distinct items pleaded involved four distinct causes of action, and made its findings in the form of an account covering all the causes of action. The several statements of claims in the complaint, while not described as distinct causes of action, were in fact separate and complete, and no objection to the form of pleading having been made by defendant, the trial court should have treated them as distinct. One of these causes of action, covered by paragraphs 2, 3, 4, and 5 of the complaint perhaps requires further consideration. This cause of action is founded upon a contract for the erection of a telephone line under which plaintiff agreed to do the work for $170. The contract, however, contained a provision that, in case the defendant company, its officers, or stockholders delayed or hindered the carrying out of the contract, the plaintiff should recover day wages for himself and his employes, with expenses and damages for work done up to that time, at such rate per day as was then paid for farm labor. The contract required the company to furnish and deliver material on the ground for use in construction work. Plaintiff founds his right of recovery in this action upon an alleged breach of this provision of the contract, and claims to recover thereunder the sum of $379.50, the value of his own labor, together with the value of the labor and board of his employes. To sustain this claim, plaintiff put in evidence an itemized statement of his own labor, and that of his employes with value of their board, the first item of which was dated July 17, 1906, and the last, September 25, 1906, and also put in evidence his own diary or memorandum, from which this statement was made, the last entry in said diary being, "September 25, 1906, Finished." This action was begun on May 1, 1913. The cause of action thus pleaded and proved was plainly barred by the six-year statute of limitations.

[3, 4] To toll the statute as to this and his other claims, plaintiff put in oral evidence of a meeting of the board of directors of the defendant corporation, at which meeting plaintiff presented to the board for allowance the four distinct groups of claims sued upon in this action. This evidence was to show an

allowance of these claims for payment. This meeting was held on March 6, 1907. At the time this meeting was held the plaintiff himself was one of the directors, as was his brother, both of whom appear to have participated in this meeting and voted for the allowance of these claims. Plaintiff testified:

"My brother, I, and Cords (another director), and maybe Gildseth, was there. Three constituted a quorum. I don't think Jensen voted for allowing the bills. * * * I voted in favor of these bills, and my brother voted in favor of them. If there was a tie, Mr. Cords voted. I do not remember if Jensen voted against them. I do not remember if Gildseth voted. We had a secretary's book that was lost, which should have contained this meeting."

Gildseth testified that he did not think he voted for any of these bills. Appellant himself was secretary, whose duty it was to keep record of meetings.

Assuming, without deciding, that the action of the board of directors in allowing such claims might toll the statute of limitations, the burden of proving a legal and valid allowance thereof certainly rested upon appellant. Upon the record before us we certainly are not able to say that a qualified majority of the board of directors, other than plaintiff, voted in favor of the allowance. On the contrary, we think the evidence tends strongly to show that but three of the directors, plaintiff, his brother, and Cords, so voted, and that it required plaintiff's own vote to allow such bills. In such case, the action was void. Ritchie v. People's Telephone Co., 22 S. D. 598, 119 N. W. 990. This evidence is wholly insufficient to toll the statute.

Plaintiff, having recovered an amount in excess of that to which he was legally entitled under the issues and evidence, could not have been and was not prejudiced by the errors complained of.

The order and judgment of the trial court are therefore affirmed.